LK:UAD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CHRISTOPHER DAVIDSON,

             Defendant.

- - - - - - - - - - - - - - - -X

M-10-619

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.,
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      RAY MARTINEZ, being duly sworn, deposes and says that he is a Detective with the Gun Enhancement Unit of the New York Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about May 28, 2010, within the Eastern District of New York, the defendant CHRISTOPHER DAVIDSON, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .32-caliber revolver.

      (Title 18, United States Code, Section 922(g)(1)).

      The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest CHRISTOPHER DAVIDSON as described in greater detail below, I have not set

1. I have been a Detective with the Gun Enhancement Unit of the NYPD for approximately five years. My information in this case comes from reviews of records of the New York City Police Department, conversations with NYPD officers, and other official records of government agencies.

2. On or about May 28, 2010, at approximately 7:06 p.m., NYPD Officer Paul Viar and NYPD Sergeant Kenneth Zepherin were on routine patrol in a unmarked patrol vehicle in the vicinity of Pennsylvania Avenue and New Lots Avenue in Brooklyn, New York. At approximately that time, the officers observed a maroon 4-door Nissan Maxima unlawfully drive into a bus stop and stop at a red light. The Maxima also had a defective tail light.

3. When the traffic light turned green, the Maxima took a right-hand turn onto Pennsylvania Avenue traveling Northbound. Officer Viar and Sergeant Zepherin followed the Maxima for a short distance and pulled the Maxima over at the corner of Atlantic Avenue and Georgia Avenue.

4. The officers exited their vehicle and approached the vehicle in order to issue a summons. Upon reaching the vehicle, the officers noticed that the defendant CHRISTOPHER

---

forth every fact learned during the course of this investigation.

DAVIDSON, who was sitting in the rear passenger side, made movements toward a box located in the back seat next to him.

5. DAVIDSON repeatedly refused to comply with instructions to keep his hands in his lap and was asked to exit the Maxima. When he did, Officer Viar noticed a large bulge in DAVIDSON's right front pocket. Officer Viar held DAVIDSON's hands and asked whether he had any dangerous weapons on his person. DAVIDSON pulled one hand free and put it into his right front pocket, and threw an object into the open door of the Maxima. The NYPD officers immediately saw and recovered a gun from the back seat of the Maxima.

6. DAVIDSON was arrested and brought back to the 75th Precinct along with the gun. At the 75th Precinct, the gun was identified as a .32-caliber revolver.

7. The defendant is currently being held in state custody. I have reviewed criminal history records for the defendant, which reveal that the defendant has been convicted of at least five felonies punishable by a term of imprisonment of more than one year. These felonies included the following crimes: Robbery in the Third Degree, a Class D felony, in Kings County Criminal Court on June 19, 2003; Robbery in the Third Degree, a Class D felony, in Kings County Supreme Court on October 23, 1996; Grand Larceny, Class E felony, in Kings County

Supreme Court on October 23, 1996; Attempted Criminal Possession of a Weapon in the Third Degree, a Class E felony, in Kings County Supreme Court on November 13, 1991; and Attempted Murder in the First Degree, a Class B Felony, in New York County Supreme Court on February 18, 1988.

8. I spoke with an interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who informed me that the above-mentioned .32-caliber revolver was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant CHRISTOPHER DAVIDSON, so that he may be dealt with according to law.

Ray Martinez
Detective
Gun Enhancement Unit
NYPD

Sworn to before me this
2ND day of June, 2010

HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK